**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 18 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELISABETH REHN, Plaintiff - Appellee, v. CITY OF SEATTLE, a lawful municipal corporation in the State of Washington; RILEY CAULFIELD; SETH WAGNER; YOUNGHUN KIM, Defendants - Appellants, and JOHN DUUS, JASON DRUMMOND, Defendants. | No. 25-4844 D.C. No. 2:23-cv-01609-RAJ MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted June 9, 2026
Seattle, Washington

Before: HAWKINS and TUNG, Circuit Judges, and MATSUMOTO, District Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff, Elisabeth Rehn, sued Defendants, City of Seattle, and Seattle Police Department Officers, Seth Wagner, Younghun Kim, and Riley Caulfield, after the officers mistakenly entered the wrong building in response to a 911 call and forcibly entered Rehn's apartment with weapons drawn. The officer defendants had observed broken glass matching the reported struggle prior to their mistaken entry. The correct building, which adjoined the building they entered, had a separate entrance. Defendants appeal the district court's denial of qualified immunity at summary judgment. Reviewing de novo and viewing the evidence in the light most favorable to the nonmoving party, Rehn, *Martinez v. High*, 91 F.4th 1022, 1027 (9th Cir. 2024), we reverse.

Rehn claims that the officers' warrantless entry into her apartment constituted unreasonable search and that their entry with weapons drawn constituted unreasonable seizure. Even assuming a reasonable jury could find the officers committed these constitutional violations, the unlawfulness of their actions was not clearly established.

We turn first to the warrantless entry. In the context of a mistaken entry into a home, the constitutionality of the search turns on whether the mistake was "objectively understandable and reasonable." *Maryland v. Garrison*, 480 U.S. 79, 88 (1987). But *Garrison* held that entry into the wrong apartment because of a reasonable mistake is not a violation of the Fourth Amendment. *Id*. This Circuit has

not published an opinion addressing when a police officer's mistaken entry into the wrong apartment constitutes unreasonable search.

"In the absence of binding precedent clearly establishing the constitutional right, we look to whatever decisional law is available, including relevant decisions of other circuits, state courts, and district courts." *Moonin v. Tice*, 868 F.3d 853, 868 (9th Cir. 2017) (internal citations and quotation marks omitted). If a "robust consensus" makes the unlawfulness of the actions clear, officials are not entitled to qualified immunity. *Id.* at 874.

The district court relied on decisions from the Eleventh Circuit, *Hartsfield v. Lemacks*, 50 F.3d 950, 951–52 (11th Cir. 1995), and Eastern District of Pennsylvania, *Alvarado v. City of Philadelphia*, 719 F. Supp. 3d 420, 425–26 (E.D. Pa. 2024), in determining that the unlawfulness of the search was clearly established. But these cases are not enough to constitute a "robust consensus." *See Moonin*, 868 F.3d at 872–74 (relying on decisions of four Circuits in addition to district courts); *see also Jones v. Williams*, 791 F.3d 1023, 1034 (9th Cir. 2015) (relying on decisions of four Circuits). Moreover, the facts underlying *Hartsfield*, which involved "an entry by law enforcement into the wrong residence to execute a presumably valid search warrant for a nearby house," are not similar enough to the facts underlying the mistaken entry into Rehn's apartment. 50 F.3d at 951. The Eleventh Circuit had limited its conclusion that "a warrantless search of a residence violates the Fourth

Amendment, unless the officers engage in reasonable efforts to avoid error" to situations where "probable cause and exigent circumstances" were "absent." *Id.* at 955. Here, officers were responding to exigent circumstances, including numerous 911 calls reporting a domestic dispute, suicidal ideations, the use of knives, and risk of defenestration. These serious circumstances also distinguish this case from *Miller v. United States,* 357 U.S. 301 (1958), on which Rehn relies, where the police entered the apartment of a man suspected of selling heroin. *Id.* at 302–04.

We turn next to the excessive force claim. Even assuming a reasonable jury can view the evidence, including Caulfield's body-worn-camera footage, and find that he pointed his firearm in Rehn's direction, it was not clearly established that doing so for only a few seconds in the process of conducting an initial sweep would constitute unreasonable seizure.

This Court's prior decisions, upon which Rehn relies, did not clearly establish the unlawfulness of Caulfield's conduct. In *Thompson v. Rahr*, the officers had "point[ed] a loaded gun at an unarmed suspect's head, where that suspect had already been searched, was calm and compliant, [and] was watched over by a second armed deputy." 885 F.3d 582, 584, 587 (9th Cir. 2018). In *Motley v. Parks*, this Court specifically noted, "[w]hile it may have been reasonable for [the officer] to have drawn his firearm during the initial sweep of a known gang member's house, his keeping the weapon trained on the infant, as he was alleged to have done, falls

outside the Fourth Amendment's objective reasonableness standard." 432 F.3d 1072, 1089 (9th Cir. 2005).

The same is necessarily true for Wagner and Kim's entry into the apartment with their weapons drawn (a firearm and a less-lethal weapon, respectively). The body-worn-camera footage shows they only held their weapons at a low-ready position and never pointed or raised their weapons in Rehn's direction.

**REVERSED.**